**In re GOULIN REALTY, INC., Debtor.**

**Bankruptcy No. 8500753.**

United States Bankruptcy Court,
D. Rhode Island.

April 23, 1986.

Joseph E. Gallucci, Providence, R.I., for debtor.

Louis A. Geremia, Quinn, Cuzzone & Geremia, Providence, R.I., for Greenwood Credit Union.

## ORDER DENYING DEBTOR'S MOTION TO VACATE

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on April 10, 1986, on the debtor's motion to vacate an order entered on January 29, 1986, wherein Greenwood Credit Union was granted relief from the automatic stay, 11 U.S.C. § 362(d),[1] with leave to foreclose its mortgage on property at 873–877 West Shore Road, and 174 Spring Grove Road, Warwick, Rhode Island. The order in question was entered after debtor's counsel failed to file an answer or objection, and then did not attend a scheduled pretrial conference.

Counsel has not advanced any reasons which would constitute grounds to vacate the January 29 order. The bottom line, though, is that even without the shortcomings in counsel's performance in this case, the debtor would still be in the same place at this point in time. Based on the entire record, Greenwood is clearly entitled to foreclose, because of the absence of an equity cushion or other evidence of adequate protection. Even debtor's counsel conceded that there was no equity in the property, and that the secured creditor was not otherwise adequately protected. Further, in view of debtor's expressed inten-

---

1. § 362. Automatic stay

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

tion to convert the case to Chapter 7, the property is not necessary to an effective reorganization. *See* 11 U.S.C. § 362(d)(2)(B).

Giving admittedly undue deference to Mr. Goulin's testimony regarding either the possible sale of the property, or an infusion of capital from family members, the effective date of this order is stayed for thirty days, after which time Greenwood is permitted to foreclose, *without further hearing or order of this Court.* If an accommodation is reached in the interim, the Court should be so notified by the filing of a proposed order, consented to by the parties.